UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAMELA A. JONES on behalf of herself and others similarly situated<br><br>Plaintiffs<br><br>v.<br><br>WALGREEN CO.,<br><br>Defendant | Case No.: 3:06 cv 890 (MRK)<br>**306CV890**<br>CLASS ACTION COMPLAINT<br><br>JUNE 9, 2006 |

## PLAINTIFFS' CLASS ACTION COMPLAINT

COME NOW the Plaintiff PAMELA A. JONES, on behalf of herself and all other similarly situated female employees, and states to the Court:

### INTRODUCTION

1. This class action is brought to remedy a pervasive policy of gender discrimination instituted and maintained by Walgreen Co. (Walgreens) in a continuing violation of federal law on behalf of all former and current female employees and female applicants for management nationwide and in Puerto Rico. Walgreens has engaged in a continuing pattern and practice of gender discrimination in awarding promotions and more profitable store assignments in favor of male employees.

2. Class action treatment is sought pursuant to Rule 23, Fed.R.Civ.P. Plaintiffs seek a permanent injunction enjoining Walgreens from maintaining a policy and practice of discriminating against Plaintiffs because of their gender, or retaliating against them for cooperating or participating in this suit or for complaining about

prohibited acts of discrimination in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 and the Equal Pay Act, 29 U.S.C. § 206(d).

3. This action also seeks restitution for the class for all promotions, bonuses and other benefits the class would have received but for Walgreens' unlawful discriminatory practices.

4. This action further seeks compensatory and punitive damages, attorneys' fees and all other appropriate relief available to the Plaintiffs under the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 and the Equal Pay Act, 29 U.S.C. § 206(d).

## II.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331 and 1343.

6. This is a case arising under the laws of the United States, specifically the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 and the Equal Pay Act, 29 U.S.C. § 206(d).

7. Upon information and belief, the unlawful employment practices alleged below were and are being committed nationwide and in Puerto Rico.

8. Venue is proper in the Connecticut District Court under 28 U.S.C. § 1391 (b) & (c).

## III.

## THE PARTIES

### A. Plaintiffs

9. Plaintiff Pamela A. Jones is a female citizen and resident of the United States and at all times relevant to this Complaint resided either in the State of Connecticut or the Commonwealth of Massachusetts. She was employed by Walgreens in the position of Store Manager at a Walgreens retail store located at 30 Hazard Avenue, Enfield, Connecticut 06082 from June of 1986 through June of 2004.

### B. Defendant

10. Defendant Walgreen Co. is an Illinois corporation authorized and registered to do business in the State of Connecticut, with its headquarters in Deerfield, Lake County, Illinois. Walgreens conducts business throughout the United States and operates more than 5,134 stores nationwide in 44 states and Puerto Rico.

## IV.

## GENERAL PATTERNS OF DISCRIMINATION

11. Walgreens practices nationwide (plus Puerto Rico) systemic gender discrimination against its female employees. Further, it discriminates against females seeking to obtain higher-level management positions.

12. Walgreens segregates female Store Manager employees into lower income and lower volume stores.

13. In particular, when new or refurbished retail stores are opened, Walgreens overwhelmingly assigns such new store management positions to its male employees.

14. This segregation has a number of adverse career and economic consequences for female management employees. Older stores often have a lower customer volume and lower profitability than newly opened or newly remodeled stores.

15. The economic implications of being steered and segregated into lower income/lower volume stores are varied. Bonuses for Store Managers are based on sales and gross profit.

16. Low income/low volume stores are traditionally understaffed. Because of understaffing, Store Managers in these low income/low volume stores are forced to expend a substantial amount of their time attending to non-management store obligations. These obligations include unloading trucks, stocking shelves and other physically-demanding and debilitating tasks. Not only must female Store Managers suffer greater physical demands in order to accomplish their obligations, but, in so doing, they reduce their chances for upward management mobility. Time spent on menial labor necessarily detracts from the management training and experience female Store Managers would otherwise obtain. In considering promotions from Store Manager to, for instance, District Manager, Walgreens does not give equivalent weight to shelf-stocking ability versus time and personnel management qualifications.

## V.

## CLASS ACTION ALLEGATIONS

### A. The Scope of the Class

17. This action is brought on behalf of all female Walgreens employees, all female applicants for Walgreens Store Manager, all female employees seeking to promote in the "Retail Career Path", all female Walgreens employees seeking to promote

to non-retail corporate management positions, and all female Walgreens employees seeking not to be segregated by sex into lower income/lower volume stores.

### B. The Case Satisfies All Elements of Rule 23(a)

18. The class is so large that joinder is impracticable. The class covers more than 5,134 stores in 44 states (plus Puerto Rico). While the number of incumbent female employees seeking management positions is not known, it is reasonable to infer that they number in the thousands.

19. The systemic pattern and practice of discrimination against female employees is a common question of fact and law for the class case.

20. The claims of the representative Plaintiff are typical of those of the class as a whole.

21. The claims of Pamela A. Jones are typical of female Store Managers employed by the Defendant Walgreen Co.

22. The Plaintiff is an excellent class representative. She has substantial knowledge of the class and the employment practices of Walgreens. She is committed to being an excellent representative of the class. There are no conflicts between the Plaintiff and the class she seeks to represent.

23. The Plaintiff has retained Counsel willing to prosecute this class action employment discrimination case on a solo or joint representation basis to protect the interests of the class. Class Counsel has agreed to advance the costs of the out-of-pocket expenses of this litigation and has the ability to do so.

## C. The Case Satisfies All Elements of Rule 23(b)

24. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; and adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

25. The class is appropriate for certification under Rule 23(b)(2) in that Walgreens has acted and refused to act on grounds generally applicable to the class, making prohibitory injunctive and declaratory relief appropriate as to the class as a whole. Such relief would include, but not be limited to, enjoining the practices of:

   a. Denying female employees promotions in retail and non-retail management on the basis of their gender;

   b. Deterring and prohibiting female employees from seeking more desirable and/or higher paying positions and promotional opportunities;

   c. Denying female employees the same rights and privileges to suitable employment opportunities that are provided to male co-workers;

   d. Assigning and segregating female managers to more difficult, less profitable store locations than their male counterparts;

   e. Providing unequal pay and other disparate terms and conditions of employment;

26. The class is appropriate for certification under subsection (b)(2) in that Walgreens has acted and refused to act on grounds generally applicable to the class, making mandatory injunctive and declaratory relief appropriate as to the class as a whole, and such relief should also include, but not be limited to, the granting of:

    a. Preferential rights of first refusal to those class members who have suffered discrimination in not being promoted to management positions;

    b. Preferential rights of first refusal to those class members who have suffered discrimination in not being offered "new store" or higher-volume store management positions;

    c. Preferential rights of first refusal to those class members who have suffered discrimination in not being offered higher management positions;

    d. Equitable relief in the form of back pay, bonuses and benefits to compensate for discrimination.

27. The class has inadequate remedies at law thus making injunctive and declaratory relief necessary. Though compensatory and punitive damages are sought for the class, the equitable relief described above is the dominant relief for the class making certification under (b)(2) appropriate.

**D. The Class is Appropriate for Hybrid Certification Under Subsection (b)(2)(b)(3)**

28. Hybrid certification under subsection (b)(2)(b)(3) is also appropriate. Such certification has often been deemed appropriate in employment discrimination class actions. Under such certification, Stage I would be tried under (b)(2) and Stage II would be tried under (b)(3). In Stage I, liability and punitive damages would be tried. In Stage

II, individual relief would be determined including back pay, compensatory damages, and individual injunctive relief for those class members who alleged entitlement to such relief.

### E. The Class is Appropriate for Certification Under Subsection (b)(3)

29. Questions of fact and law common to the class predominate over any question affecting only individual members. The patterns and practices that will be proven by statistical evidence are common to the class as pleaded and clearly predominate over any question affecting only individual class members. There exists generalized evidence that proves many elements on a class-wide basis.

30. A class action is superior to any other available method for fair and efficient adjudication of the controversy. Individual members of the class do not have the resources to marshal the kind of statistical proof and cumulative anecdotal evidence that can be adduced by these Plaintiffs in a class action.

31. The individual members of the class have no interest in individually prosecuting separate actions. Absent a joint, class-wide effort, it is unlikely that these injustices will ever be addressed.

32. To the best of the Plaintiff's knowledge and belief, there is no pending litigation raising the issues framed by this Complaint.

33. There is value in aggregating the claims in a single forum.

34. In light of the nature of the claims of the class there is no likelihood that difficulties will be encountered in managing the case as a class action. The class is defined with precision. The great preponderance of claims will involve proof of a pattern of selections for store management opportunities. On information and belief, Defendant

has uniform computerized payroll and personnel data that will make calculation of back pay and other lost compensation for specific class members relatively simple. The propriety and amount of punitive damages are issues common to the class and do not present a management problem.

## VI.

## FACTS MATERIAL TO THE PLAINTIFFS' CLAIMS

35. Pamela A. Jones is a female employee who was hired by Walgreens in June of 1986. Pamela Jones had been the Store Manager for a pharmacy located in Enfield, Connecticut, which pharmacy was purchased by Walgreens in June of 1986. Ms. Jones remained in the position of Store Manager after Walgreens assumed ownership of the Enfield, Connecticut pharmacy. Accordingly, Ms. Jones was employed in the position of Store Manager for the Enfield, Connecticut retail store from June of 1986 through June of 2004. In June of 2004, Ms. Jones was required to take a medical leave of absence after suffering a workplace injury due to poor working conditions. After returning to active employment with the Company and completing a 'retraining' assignment as a "Training Manager", Ms. Jones was returned to her position as Store Manager for a different retail store in October 2005. As of the date of this Complaint, Ms. Jones is employed by Walgreens as the Store Manager of the Springfield, Massachusetts retail pharmacy located at 1440 Boston Road, Springfield, Massachusetts.

36. During the course of Pamela Jones' employment with the Company, Walgreens has utilized a Store Manager 'effectiveness' rating system. This "Store Manager Performance Review" process attempts to rate, *inter alia*, the skill level, competency and overall effectiveness of retail Store Managers. In 11 out of the 14 years

between 1989 and 2002, Ms. Jones' overall rating was "above standard", including a rating of "exceptional" in 2002.

37. Since 2003, Walgreens' Store Manager Performance Review process utilized a 3 page, standardized performance review document. The review process required Walgreens District Managers to evaluate and assess the skill and effectiveness of each Store Manager in consideration of 20 different performance review criterion. This process required a District Manager to assign "objective" ratings to a Store Manager on the basis of varied criteria including, for example, "Sales Growth", "Customer Service", "Community Relations", workplace attitude, drive and leadership. In assessing each Store Manager, the District Manager is required to provide a rating of "Outstanding, Above Average, Meets Expectations, Needs Improvement, and Unacceptable" next to each of the preformatted rating criterion. The District Manager is thereafter required to assign an "overall" rating to the evaluated Store Manager based, in the aggregate, upon how the Store Manager performed in each of the 20 "sub-scale" ratings.

38. In 2003, despite the fact that Ms. Jones' "sub-scale" ratings aggregated to an Overall Rating of "Exceptional/Above Standard", Ms. Jones was assigned a rating of "Meets Expectations" by her District Manager Jerry Telson.

39. Similarly, in 2004, Ms. Jones was assigned an Overall Rating of "Meets Expectations" despite the fact that her "subscale ratings" aggregated to an overall rating of "Exceptional/Above Standard."

40. Upon information and belief, Walgreens utilizes the "Overall Rating" subjectively assigned to each female Store Manager as a means of determining which

Store Managers should be offered more favorable store management locations and career advancement opportunities.

41. In couching its subjective rating system in an objective format, Walgreens effectively masks the subjective and discriminatory nature of a performance-rating system which continues to present more favorable conditions of employment to male employees versus female employees.

42. The Plaintiff Pamela Jones and the Class as a whole have suffered substantial economic damages as a result of the disparate treatment and effect of Walgreens discriminatory employment practices, including loss of pay, loss of bonus opportunities, loss of future earnings, and failure to timely or appropriately promote female employees.

## VII.

## ILLEGAL RETALIATION UNDER 42 U.S.C. § 2000E-3

43. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1-41 above as if set forth fully herein.

44. On July 8, 2005, Pamela Jones filed a Complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO Complaint"). This CHRO Complaint alleged, *inter alia*, that the Defendant Company had engaged and continued to engage in an illegal pattern and practice of gender discrimination, which pattern and practice, it is believed, extends well-beyond the geographical boundaries of Connecticut.

45. Subsequent to filing this Complaint, the Plaintiff has been subjected to ongoing retaliation by the Defendant Company, which retaliation directly and materially violates the protective provisions provided by the Civil Rights Act of 1964, 42 U.S.C. §

2000e-3. Upon information and belief, this retaliation by Walgreens against any female employee who challenges the disparate manner of treatment endemic within Walgreens' management culture is typical as to the Class as a whole.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court may grant the following relief:

1. That the Court certify the Class as pleaded appointing the Law Offices of John M. Brown as Class Counsel;

2. That the Court grant the Plaintiff and the Plaintiff Class appropriate consequential, compensatory and other economic damages as against the Defendant Company;

3. That the Court enter an order declaring the Defendant Company to be in material and continuing breach of its obligations under the Equal Pay Act and the Civil Rights Act of 1964;

4. That the Court enter a preliminary and permanent injunction against the Defendant Company, its agents and assigns, preventing Walgreens from continuing to engage in unlawful, employment discrimination practices;

5. That the Court award the Plaintiff and Class punitive damages;

6. That the Court enter judgments as to lost back pay, compensation for decreased earnings ability and other benefits wrongfully denied to the Plaintiff and the Class on the basis of their gender;

7. That the Court enter an award of reasonable attorneys' fees and costs incurred in this action and in the administrative CHRO action, and pre-judgment interest; and

8. That the Court enter an award ordering such other and further relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury of all counts alleged in this Complaint.

Respectfully Submitted,

Pamela A. Jones
John M. Brown, Her Attorney
50 Founders Plaza, Suite 108
East Hartford, CT 06108
(860) 610-0390; fax (860) 656-7634
email: johnbrown@jbrown-law.com
Federal Bar Number: ct26103